**UNITED STATES of America**

v.

**Terrance D. STRADFORD, also known as Wayne Sellers, also known as Doug Stradford Terrance D. Stradford, Appellant.**

No. 08–3256.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 14, 2010.

Opinion Filed: Sept. 20, 2010.

---

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Bruce L. Throckmorton, Trenton, NJ, for Appellant.

Before: SLOVITER, BARRY and SMITH, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Terrance Stradford argues that the District Court erred in denying his motion to dismiss the indictment on Speedy Trial Act grounds. We will affirm.

### BACKGROUND[1]

Stradford, a dentist and businessman, along with two co-defendants, defrauded multiple lending agencies in a scheme in which he offered the same parcel of real property as collateral for various loans without informing each subsequent lender of the true nature of the existing liens on that parcel. He also engaged in other financial fraud.

A complaint was filed against Stradford on December 28, 2005. He was arrested in North Carolina on January 11, 2006, and was brought before a magistrate judge in the District of New Jersey for his initial appearance on February 8, 2006. On February 9, 2006, Assistant U.S. Attorney Joshua Drew sent a letter to Stradford's then-attorney, Thomas R. Ashley, explaining that the government planned to present its case to a grand jury the following week "unless ... your client consents to

---

1. Because of the limited nature of the appeal and the parties' familiarity with the facts, we present in summary fashion the conduct that set in motion the criminal proceeding itself.

excluding time for purposes of calculations under the Speedy Trial Act, 18 U.S.C. § 3161, to allow for, among other things, plea discussions and cooperation discussions." (App. at 3.)

On February 14, 2006, the Magistrate Judge granted a forty-five day continuance. The order noted that the parties sought the continuance to conduct plea discussions, but it mistakenly referred to the defendant not as Terrance D. Stradford—as the case caption indicated was the defendant's name—but rather, as "Christopher Snow." (*Id.* at 4a.) The Magistrate Judge ordered that "the period from and including February 17, 2006 through and including April 3, 2006 shall be excludable in computing time under the Speedy Trial Act of 1974." (*Id.* at 4b.)

On April 5, 2006, a federal grand jury returned a twenty-three count indictment against Stradford charging wire fraud and money laundering. On June 5, 2006, the District Judge to whom the case was assigned granted Stradford's request for a continuance—made through his counsel—to allow "counsel … reasonable additional time to review discovery, discuss plea negotiations, and file motions." (*Id.* at 5a.) The District Judge ordered that the case be continued from June 2 through August 1, explaining that the time from June 5, 2006 "through August 1, 2006, shall be excluded in computing time under the Speedy Trial Act." (*Id.* at 5b.) She later granted three other continuance motions, none of which is at issue in this appeal.

After the grand jury returned a twenty-four count superceding indictment, trial was set to begin on September 10, 2007. Before it began, however, Stradford filed a motion to dismiss the indictment due to violations of the Speedy Trial Act, which the District Judge denied after an evidentiary hearing. Stradford was ultimately found guilty on all twenty-four counts on September 26, and his post-trial motions were denied. On July 21, 2008, he was sentenced to 120 months' incarceration on each of counts two through twenty-three and 60 months' incarceration on each of counts one and twenty-four, all to be served concurrently. (*Id.* at 14b.) Stradford timely appealed.

## DISCUSSION[2]

Our review of a district court's order denying the motion to dismiss the indictment as violative of the Speedy Trial Act implicates three standards of review. First, we review de novo the court's interpretation of the Act; second, we review the court's factual findings for clear error; and lastly, we review the decision granting a continuance for abuse of discretion. *United States v. Lattany*, 982 F.2d 866, 870 (3d Cir.1992); *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988).

### *The Pre–Indictment February 14, 2006 Continuance Order*

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested…." 18 U.S.C. § 3161(b). In the event that the defendant must be transferred from another district, the period for filing an indictment may be extended by up to ten days. *Id.* § 3161(h)(1)(F). Stradford was arrested in North Carolina on January 11, 2006, and he was indicted on April 5, 2006—eighty-four days later. In its February 14 continuance order, the Magistrate Judge found that February 17 through

**2.** The District Court's jurisdiction was based on 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

April 3 "shall be excludable in computing time under the Speedy Trial Act." (App. at 4b.)

The Speedy Trial Act provides that certain "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Included among these enumerated exceptions is "[a]ny period of delay resulting from a continuance ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).[3] In undertaking this balancing, the court must set forth "in the record of the case, either orally or in writing," the reasons in support of its conclusion. *Id.* Such continuances may be granted "at the request of the defendant or his counsel or at the request of the attorney for the Government," or even by the "judge on his own motion." 18 U.S.C. § 3161(h)(7)(A).

Stradford argues that the February 14 pre-indictment continuance order is invalid because it contains inaccurate statements resulting from a lack of independent inquiry by the Magistrate Judge. The order states that the motion for a continuance "c[a]me before the Court on the joint application of ... [the] United States Attorney for the District of New Jersey (Joshua Drew, Assistant U.S. Attorney, appearing), and defendant Christopher Snow (Thomas P. Ashley, Esq., appearing) ... to allow the parties to conduct plea negotiations and attempt to finalize a plea agreement." (App. at 4a.) It also states:

 IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

(1) Plea negotiations are currently in progress, and both the United States and the defendant desire additional time to negotiate a plea agreement.

. . .

(2) [T]he ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

(*Id.* at 4a–4b.) The reference to "Christopher Snow" is, obviously, a careless error. Moreover, the negotiations were not—as the order indicates—"currently in progress" at the time the order was executed. (*Id.* at 4b, 13:93.) Following the July 9, 2007 evidentiary hearing on Stradford's motion to dismiss, the District Judge found that Stradford's attorney, Thomas P. Ashley, requested a continuance on his client's behalf, the factual errors contained in the order did not undermine its validity, and the substance of the order comported with the dictates of the Speedy Trial Act.

First, as Stradford concedes, Ashley did not need his permission to request a continuance order, particularly one, such as this, that is not open-ended. *See New York v. Hill,* 528 U.S. 110, 115, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) ("[S]cheduling matters are plainly among those for which agreement by counsel generally controls."). The order may be granted "at the request of the defendant *or his counsel.*" 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Ashley testified that he was not unfamiliar with his client at the time the continuance was sought: for the previous nine months, he had been representing Stradford in a related civil matter. After Ashley learned of the criminal investigation

---

**3.** Prior to amendment in 2008, the "ends of justice" continuance was formerly codified at subsection 8.

into Stradford's business dealings, he discussed it with Stradford, who maintained his innocence. On February 9, 2006, the prosecutor notified Ashley that he intended to present the case against Stradford to a grand jury the following week "unless you inform me that your client consents to excluding time for purposes of calculations under the Speedy Trial Act ..., to allow for, among other things, plea discussions and cooperation discussions." (App. at 3.) Faced with this letter, Ashley determined that it was in his client's best interest to agree to a continuance because "we were in the process of negotiating a bail package, No. 1; and, No. 2 ... I had wanted to get a chance not only to talk with Dr. Stradford but to talk to the government with respect to what the nature of their case was." (*Id.* at 13:72.) And, as the District Judge noted, Ashley testified that plea negotiations were "in the back of his mind." (*Id.* at 13:115). Accordingly, Ashley agreed to the continuance without first consulting Stradford, a decision that even Stradford's new attorney later endorsed. (*Id.* at 13:109 ("[Ashley] was doing what was in the best interest of his client.").)

Second, the two factual inaccuracies do not invalidate the continuance order.[4] At the time the order was issued, plea negotiations were not, as the order indicates, "currently in progress." (*Id.* at 4a.) It is clear from Ashley's testimony, however, that he wanted to better understand the government's case so that, armed with that information, he and Stradford could discuss how best to proceed before an indictment was returned. (*Id.* at 13:101–02.) Stradford may have been opposed to a plea deal, but Ashley—whom Stradford described as "an excellent attorney" (*Id.* at 13:55)—knew that this could change once Stradford had a better understanding of the prosecution's case. (*Id.* at 13:72–73.)

Ashley also knew that, as trial preparations progressed, plea discussions might be explored, and, as it turns out, they were. (*Id.* at 13:94.)

Finally, the order complies with the procedural requirement that the court "set[ ] forth, in the record of the case, either orally or in writing, its reasons" for granting the "ends of justice" continuance. 18 U.S.C. § 3161(h)(7)(A). Faced with a request for a continuance from both parties, the Magistrate Judge did just that.

### The June 5, 2006 Continuance Order

■ Stradford briefly attacks the validity of the June 5, 2006 pre-indictment continuance order. The District Judge granted a continuance for the following reasons:

1. The defendant, through his counsel, has requested additional time so that counsel will have reasonable additional time to review discovery, discuss plea negotiations, and file motions.

2. The grant of a continuance will ensure the defendant continuity of counsel in his representation.

3. The grant of a continuance will likely conserve judicial resources.

4. [T]he ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

(App. at 5a-b.) The District Judge then ordered that the time from June 5 through August 1, 2006 be excluded when computing the time for Speedy Trial Act purposes, and set forth her reasons for granting the "ends of justice" continuance, reasons it confirmed in its extensive oral opinion denying the motion to dismiss the indictment. Indeed, Ashley testified at the hearing on the motion to dismiss that

---

4. The careless reference to "Christopher Snow" in the order does not impact the valid-ity of the order, and needs no further discussion.

he would not have been able to review the discovery materials, discuss potential plea negotiations, file the motions that he may have deemed necessary, and effectively represent Stradford without the continuance order. (*See* App. at 13:79–80, 99.) The District Judge found that the ends of justice would be served by granting the continuance, and did not abuse her discretion in so doing.

### CONCLUSION

We will affirm the judgment of the District Court.